USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/18/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
LENNON IMAGE TECHNOLOGIES, LLC, :
:
                     Plaintiff, :
: 17-CV-9146 (VSB)
     - against - :
: **OPINION & ORDER**
COTY INC., :
:
                     Defendant. :
:
------------------------------------------------------------X

Appearances:

Eric William Buether
Michael Clayton Pomeroy
Michael David Ricketts
Niky Bukovcan
Christopher Michael Joe
Buether Joe & Carpenter, LLC
Dallas, Texas
*Counsel for Plaintiff*

Lisa K. Nguyen
Nicholas Howard Yu
Richard G. Frenkel
Latham & Watkins LLP
Menlo Park, California
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

     Plaintiff Lennon Image Technologies, LLC brings this action against Defendant Coty Inc. for patent infringement pursuant to 35 U.S.C. § 1 *et seq.*, for allegedly violating its patent—United States Patent No. 6,624,843 (the "'843 Patent"). Before me is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff makes out a plausible claim for infringement of the '843 Patent, I deny Defendant's motion to dismiss.

1

## I. Background[1]

The '843 Patent, entitled "Customer Image Capture and Use Thereof in a Retailing System," was issued by the United States Patent and Trademark Office on September 23, 2003. (Compl. ¶ 7.)[2] The underlying application that resulted in the '843 Patent was filed on December 8, 2000, and this application takes precedence over an earlier application filed on December 10, 1999. (*Id.*) Plaintiff is the owner of the '843 Patent and "owns all right, title, and interest in the '843 Patent." (*Id.* ¶ 8.)

The patented invention "allows apparel retailers and other purveyors of such items an opportunity to virtually 'dress' the potential customer in featured merchandise as a virtual 'fitting.'" (Compl. Ex. 1, at 2:11–14; *see also* Compl. ¶ 9.) "[A]pparel includes clothing, accessories or any other items for which customer purchase decisions are typically based in part upon how the item appears when used by the customer." (Compl. Ex. 1, at 2:14–18.) The system "merge[s] video or still images of live, ordinary customers with video or still images of stored reference model images wearing the apparel"—it retrieves the "stored reference image" from a database and applies it to a digitized image of the customer's body. (*Id.* at 2:29–34.)

The "spirit and scope" of the invention is described in Claims 14, 17, and 18, amongst other claims. (*Id.* at 10:24–25; Compl. ¶ 9.) Under Claim 14, the retailer "captur[es] the customer image" and "generat[es] a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item," thus "allowing the customer to assess the potential purchase item without having to try it on." (Compl. ¶ 9.) Under

---

[1] The following factual summary is drawn from the allegations of the complaint, which I assume to be true for the purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff Lennon Image Technologies, LLC's Complaint for Patent Infringement, filed May 3, 2017 in the Eastern District of Texas. (Doc. 1.)

Claim 17, the method is the same as Claim 14 except that the retailer "detect[s the] presence of a person near a display" and "determine[s] that the person corresponds to the customer image" and displays the composite image in response to this determination. (*Id.*) Lastly, the method under Claim 18 is the same as under Claim 17 except that "the step of determining further comprises comparing biometric information of the person with the customer image." (*Id.*)

Defendant is in the business of selling cosmetic products, and engages in electronic commerce using, among others, the website http://www.sallyhansen.com. (*Id.* ¶¶ 10–11.) Defendant also owns, operates and/or directs the operation of a mobile cosmetics application called ManiMatch that can be downloaded on platforms including the Apple iTunes store (the "ManiMatch App"). (*Id.* ¶ 12.) Visitors to Defendant's website are provided with directions regarding how to access, download, and use the ManiMatch App. (*Id.* ¶¶ 14–15.) Defendant also allows customers to purchase its products through the ManiMatch App. (*Id.* ¶ 16.)

The ManiMatch App "accesses a mobile device's camera, or similar input device, to capture a customer image"—an image of the customer's hand. (*Id.* ¶¶ 19–20.) The customer image is stored on the customer's iOS device, Defendant's servers, or both. (*Id.* ¶ 22.) The ManiMatch App then "generates composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item including by retrieving the customer image in response to a request for the composite image." (*Id.* ¶ 20.) In other words, a customer may select from a variety of nail and manicure products, also called the "potential purchase items," and for each product the ManiMatch App generates a "composite image" using the customer image and the apparel style image. (*Id.*) It thereby allows the customer to "assess a potential purchase item, such as nail polish, without having to try it on." (*Id.* ¶ 21.)

The ManiMatch App displays the composite image by "detect[ing] the presence of a person near a camera or similar video input," and then "determin[ing] that the person corresponds to the customer image by analyzing the input image and searching for the person's hand and fingers within the input image." (*Id.* ¶¶ 25–26.) Once the customer's hand and fingers are "within the input image, near the display," the ManiMatch App detects them and a composite image is displayed using the customer image and at least one apparel style image. (*Id.* ¶¶ 26–27.) The ManiMatch App uses "bespoke skin tone analysis and an algorithm to map the hand" in order to "track[] the individual nuances of the user's hands"—it thus "determines that the person corresponds to the customer image by comparing biometric information of the person with the customer image." (*Id.* ¶ 28.) As elaborated on Defendant's website, the technology "tracks the individual nuances of the user's hands, analyzes skin tone, finds the nail beds, and photo-realistically simulates [the] nail polish shades." (*Id.*)

## II.  **Procedural History**

Plaintiff filed its complaint in the United States District Court for the Eastern District of Texas (the "Complaint"), and the case was assigned to United States District Judge Rodney Gilstrap. (Doc. 1.) The Defendant filed its motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(3) on July 13, 2017.[3] (Doc. 12.) Plaintiff filed an opposition to the Rule 12(b)(6) motion to dismiss, as well as a request for leave to conduct venue discovery and an extension of time to respond to the Rule 12(b)(3) portion of the motion to dismiss, on August 1, 2017. (Docs. 23, 24.) Defendant filed its reply in support of its motion to dismiss on August 8, 2017, which included a response to Plaintiff's motion for extension of time and leave to conduct venue

---

[3] Because Defendant's jurisdictional concerns—raised as part of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3)—were cured by the transfer of the case from the Eastern District of Texas to the Southern District of New York, I only consider Defendant's motion in the context of Rule 12(b)(6) for the purpose of this Opinion and Order.

discovery. (Doc. 27.) Defendant filed a supplemental opposition to Plaintiff's motion for an extension of time with regard to its Rule 12(b)(3) motion and for venue discovery on August 16, 2017, (Doc. 35), and filed a sur-reply in support of its motion to dismiss on August 18, 2017, (Doc. 38). Judge Gilstrap granted Plaintiff's motion for extension of time and leave to conduct venue discovery, and directed Plaintiff to respond to Defendant's motion to dismiss pursuant to Rule 12(b)(3) on or before September 15, 2017. (Doc. 39.) After conducting limited venue discovery and requesting an additional extension of time to respond, (Doc. 46), on October 19, 2017, the parties filed a joint motion requesting transfer of the case to the United States District Court for the Southern District of New York, (Doc. 48), which Judge Gilstrap granted, (Doc. 49). The case was then transferred to me on November 22, 2017. (*See* Doc. 50.)

### III. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.

5

*Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

IV. <u>Discussion</u>

A. Applicable Law

A court must undertake a two-step process when analyzing a claim for patent infringement: "the first step is determining the meaning and scope of the patent claims asserted to be infringed" and "[t]he second step is comparing the properly construed claims to the device accused of infringing." *Ottah v. BMW*, 230 F. Supp. 3d 192, 196 (S.D.N.Y. 2017) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)). With respect to allegations of direct infringement, a plaintiff must prove that the defendant has "performed or used each and every step or element of a claimed method." *Lyda v. Fremantle Media N. Am., Inc.*, No. 10 Civ. 4773(DAB), 2012 WL 957498, at *2 (S.D.N.Y. Mar. 8, 2012) (quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed Cir. 2007)). "Indirect infringement claims likewise require a finding that some party amongst the accused actors has committed the entire act of direct infringement." *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, a complaint alleging patent infringement need only "(1) allege ownership of the asserted patent, (2) name each individual defendant, (3) cite the patent that is allegedly infringed, (4) describe the means by which the defendants allegedly infringe, and (5) point to the specific sections of the patent law invoked." *Asip v. Nielsen Media Research, Inc.*, No. 03 Civ. 5866(SAS), 2004 WL 315269, at *2 (S.D.N.Y. Feb. 18, 2004)

(quoting *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Thus, the patentee must "plead facts sufficient to place the alleged infringer on notice" to ensure that "the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Id.* (quoting *Phonometrics*, 203 F.3d at 794).

### B. Application

Plaintiff claims that Defendant is directly and/or indirectly infringing one or more claims of the '843 Patent by using, selling, or importing the ManiMatch App in the United States. (*See* Compl. ¶¶ 29–30.) Plaintiff explicitly references Claim 18, which is dependent on Claim 14 and 17. (*Id.* ¶ 29.) Defendant moves to dismiss the Complaint because the ManiMatch App "does not determine, does not compare, and does not use biometric information as required by [Claim 18]" and therefore does not infringe the asserted patent. (Def.'s Mem. 1 (internal quotation marks omitted).)[4] Therefore, the parties appear to agree that Plaintiff has sufficiently alleged four of the five elements: (1) ownership of the asserted patent, (2) the name of each individual defendant, (3) the patent that is allegedly infringed and (4) the specific section of patent law being invoked. *See Asip*, 2004 WL 315269, at *2. Defendant essentially claims that Plaintiff's allegations do not plausibly "describe the means by which the defendant[] allegedly infringe[s]." *Id.*

Under Claim 18, the '843 Patent embodies a "method for manipulating a customer image corresponding to a customer" by "capturing the customer image," "generating a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item," and "displaying the composite image thereby allowing the customer to

---

[4] "Def.'s Mem." refers to the Memorandum of Law in Support of Coty Inc.'s Motion to Dismiss, filed on July 13, 2017 in the Eastern District of Texas. (Doc. 12.)

7

assess the potential purchase item without having to try it on." (*See* Compl. Ex. 1, at 11:30–40.) The customer image, which is stored, must be retrieved in order to generate the composite image. (*Id.* 12:1–5.) Further, the method must first "detect[] [the] presence of a person near a display" and then "determin[e] that the person corresponds to the customer image" through "comparing biometric information of the person with the customer image" before displaying the composite image. (*Id.* at 12:15–27.)

Based on Plaintiff's allegations in the Complaint, I find that Plaintiff has alleged a facially plausible claim for patent infringement with respect to Claim 18 and thus the Complaint survives Defendant's motion to dismiss. *See Iqbal*, 556 U.S. at 678. Although Defendant argues that the "ManiMatch App does not determine that the user corresponds to any stored customer image, nor does it compare biometric information of the customer to make any such determination," (Def.'s Mem. 4), the Complaint includes statements from Defendant's Global Digital Vice President stating that the ManiMatch App uses an "algorithm to map the hand" that "tracks the individual nuances of the user's hand" and "finds the nail beds," (*see* Pl.'s Opp. 4–5; *see also* Compl. ¶ 28).[5] This plausibly alleges that the ManiMatch App does determine that the person near the display corresponds with the customer image by comparing the biometric information of the person with the customer image. Further, although Defendant argues, both in its memorandum of law and reply, that Plaintiff's claim cannot survive because the ManiMatch App does not use "uploading, picture-taking or manual data entry, as the app works in real time on [the customer's] hand," (Def.'s Mem. 4), and that Plaintiff "cannot identify the same customer image because the app works real time on [the customer's] hand," (Def.'s Reply 2

---

[5] "Pl.'s Opp." refers to Plaintiff Lennon Image Technologies, LLC's Response in Opposition to Coty Inc.'s Motion to Dismiss, filed August 1, 2017 in the Eastern District of Texas. (Doc. 24.)

8

(internal quotation marks omitted)),[6] the fact that the ManiMatch App works in real time does not negate or make implausible that the application stores a customer image and uses this image to create a composite image displaying the selected nail polish or nail color. In addition, the Complaint appears to consistently label an image of the customer's hand as the "customer image," and the combination of the "customer image" with the "apparel style image" as the "composite image." (*See generally* Compl.)

Because Plaintiff has plausibly alleged that the ManiMatch App detects the presence of a person, determines the person corresponds to the customer image, and does this through comparing biometric information, (Compl. Ex. 1, at 11:30–40, 12:1–5, 12:15–27), it has made out a claim that survives a motion to dismiss. Plaintiffs have "(1) allege[d] ownership of the asserted patent, (2) name[d] each individual defendant, (3) cite[d] the patent that is allegedly infringed, (4) describe[d] the means by which the defendant[] allegedly infringe[s], and (5) point[ed] to the specific sections of the patent law invoked." *Asip*, 2004 WL 315269, at *2 (quoting *Phonometrics*, 203 F.3d at 794). Notably, although Defendant claims that courts have previously refused to allow "such implausible claims" to move forward, (Def.'s Mem. 2), the case that Defendant cites in its motion papers is a decision from the United States District Court from the Eastern District of Texas on a motion for summary judgment—not a motion to dismiss—where the parties had submitted materials beyond the pleadings, *see Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826 (E.D. Tex. 2017). Not only is *Iris Connex* not controlling precedent, but the court's decision was informed by discovery the parties had conducted prior to the filing of the motion for summary judgment. Here, by contrast, I am ruling on a motion to

---

[6] "Def.'s Reply" refers to Coty Inc.'s Reply in Support of its Motion to Dismiss, filed August 9, 2017 in the Eastern District of Texas. (Doc. 27.)

dismiss, which requires that I accept the allegations in the Complaint as true and merely assess whether the Complaint plausibly alleges a claim of patent infringement under *Twombly* and *Iqbal*; therefore, I do not find *Iris Connex* instructive for the purpose of deciding the instant motion. At this stage, Plaintiff has plausibly alleged its claim and thus Defendant's motion to dismiss the Complaint is denied.

V.     **Conclusion**

Because Plaintiff has alleged a plausible claim for patent infringement against Defendant, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is DENIED. The Defendant shall file an answer to the Complaint by on or before August 3, 2018, and I will set a date for an initial pre-trial conference at the time that Defendant files its answer. The Clerk of Court is respectfully directed to terminate all pending motions in this case.

SO ORDERED.

Dated: July 18, 2018
       New York, New York

Vernon S. Broderick
United States District Judge